**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **T. BARRY GRAY, Individually and** | : | **CIVIL ACTION** |
| **as Executor of Estate of THELMA GRAY** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **ANGELA L. MARTINEZ,** *et al* | : | **NO.  08-2603** |
| | : | |

<u>**MEMORANDUM OPINION**</u>

**Savage, J.**                                                                                          **July 10, 2008**

In this action, the plaintiff, T. Barry Gray, individually and as executor of the estate of Thelma L. Gray, filed suit based on errors he believes were made in a state-court mortgage foreclosure proceeding.  Both this case and the state-court action involve property that is an asset of an estate currently under administration in the state.  He has sued the mortgagee, the clerk of the state court and the sheriff, alleging that judgment was wrongly entered against the plaintiffs based on the principal balance owed on the note as opposed to the balance owed on the mortgage.  He claims that the defendants' actions violated his constitutional rights.

Gray's motion to proceed *in forma pauperis* was denied on June 18, 2008.[1] Although he submitted an affidavit with respect to his financial status and condition, he did not present one regarding the estate for which he is executor.  In a motion for reconsideration, he stated that the estate was insolvent and still being administered.[2] The

---

[1] *See* Document No. 3.

[2] Pls.' Motion for Reconsideration, ¶¶ 7, 10 (Document No. 4).

motion for reconsideration was denied on June 25, 2008.[3] This memorandum explains the rationale for denying plaintiff's motion.

This is the *third* attempt by Gray family members to have a federal court adjudicate a mortgage foreclosure dispute previously decided by the state court.  In the first case, *Gray v. Pagano, et al.*, Civ. Action No. 07-2810, E.D. Pa., plaintiff's wife and son, Patricia and Patrick Gray, filed a complaint against the judge who presided over the state-court mortgage foreclosure action and against the sheriff who posted the property for sale, alleging that an order entered by the judge removing them from ownership of the property and posting the property for sale violated their constitutional rights.  Judge Edmund Ludwig of this court dismissed the complaint for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine[4] as well as on grounds of judicial and sovereign immunity.

Two days later, in Civil Action No. 07-2948, plaintiffs Barry Gray, individually and as Executor of his mother's estate, and his wife Patricia, "removed" to this court a motion to avoid fraudulent transfer, which had been filed by the creditor/mortgagee bank in the state-court foreclosure action.  Noting that the "action" was the plaintiffs' second attempt to litigate the ongoing state-court foreclosure matter in federal court, Judge Ludwig remanded this second action to state court for lack of subject matter jurisdiction.

Plaintiffs appealed both decisions to the Third Circuit Court of Appeals.  The appeal regarding the first action, C.A. No. 07-3433, is pending.  The second appeal, C.A. No. 07-3577, was dismissed for lack of jurisdiction to review a remand order.

---

[3] Document No. 5.

[4] *District of Columbia Court v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

When a civil action is filed *in forma pauperis*, the court shall dismiss it if it determines that it is frivolous.  28 U.S.C. § 1915(e)(2)(B)(i).  A complaint is frivolous when it lacks any arguable basis in either law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  An action is legally frivolous when it is based upon an undeniably meritless legal theory.  *Roman v. Jeffes*, 904 F.2d 192, 195 (3d Cir. 1990).  Here, there is no possible legal theory upon which the plaintiff can obtain relief.

The probate exception to federal jurisdiction limits a federal court's power to grant relief in either pure probate matters or matters ancillary to probate.  *See* Judiciary Act of 1789, ch. 20, § 11, 1 Stat. 78.  Federal courts have jurisdiction only where "relief can be granted without challenging the probate court's determinations or management of the *res*." *Golden v. Golden*, 382 F.3d 348, 358-59 (3d Cir. 2004).  The exception protects the state's interest "in managing *all* challenges addressing the estate *res* located in that state or with which the state has some meaningful connection."  *Id.* at 359.  The Supreme Court has concluded that the probate exception reserves to state probate courts the probate of a will and the administration of a decedent's estate.  *Marshall v. Marshall*, 547 U.S. 293, 311 (2006).  Federal courts lack the power to dispose of an estate asset that is under the supervision of the state court.  *Id.*

The estate of Thelma Gray is still being administered.  The property at issue in this case is part of, if not central to, the estate.  Thus, this action must be dismissed pursuant to the probate exception for lack of jurisdiction.

Even if the probate exception did not apply, because this case is "inextricably intertwined" with the state-court foreclosure action and was "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court

proceedings commenced and inviting district court review and rejection of those judgments,"[5] there is no subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Furthermore, because state-court proceedings (1) are pending; (2) implicate an important state interest; and (3) afford adequate opportunity to raise constitutional issues, abstention of the federal court under *Younger v. Harris*, 401 U.S. 37 (1971), is appropriate.

Finally, the same issues in this case are currently being considered by the Third Circuit in C.A. No. 07-3433.

Granting the plaintiff's motion to proceed *in forma pauperis* would have been futile. In light of the lack of subject matter jurisdiction, the district court dismissed the action.

---

[5] *Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 283 (2006).