

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

T. BARRY GRAY, individually and as EXECUTOR of the ESTATE OF THELMA L. GRAY
Plaintiffs,

v.

ANGELA L. MARTINEZ,
individually and in her capacity as Director of Office of Judicial Support of Delaware County
and
DEBORAH L. GASTON,
individually and in her capacity as former Director of Office of Judicial Support of Delaware County
and
TCIF REO CIT, LLC
and
SELECT PORTFOLIO SERVICING, INC.,
formerly known as Fairbanks Capital Corporation
and
WACHOVIA BANK NAT'L ASSOC.,
formerly known as First Union National Bank
and
JOSEPH F. MCGINN,
individually and in his capacity as Sheriff of Delaware County

Defendants,

CIVIL ACTION

NO. 08-CV-2603

**COMPLAINT**

## *I. Preliminary Statement*

1. This action is brought by the plaintiffs, judgment debtors whose property has been subject to execution, as a civil action seeking declaratory and injunctive relief and money damages under 42 U.S.C. § 1983 and the Pennsylvania Unfair Trade Practices and Consumer Protection Law and Pennsylvania Statutes and common law and to invalidate certain Procedures whereby the plaintiffs assess damages and default judgments are entered with blind reliance on plaintiffs' complaint

ignoring obvious conflicts between exhibits given in support of assessment of damages which conflict on their face with plaintiffs' assessment value of its claims filed in the Court of Common Pleas of Delaware County, Pennsylvania, without notice of said conflict or a hearing as to the propriety of such conflict between assessed value supporting exhibits, as violative of the Due Process Clause of the United States Constitution.

***II. Jurisdiction and Venue***

2. The jurisdiction of this Honorable Court is invoked pursuant to 42 U.S.C. §§ 1331(3), 1343(4) and the Declaratory Judgment Act (28 U.S.C. § 2291). This Honorable Court has jurisdiction over the plaintiffs' state claims under the doctrine of pendent jurisdiction and supplemental subject matter jurisdiction, 28 U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy and transaction or occurrence as the federal claims and diversity of citizenship, 28 U.S.C. § 1332.

3. Venue is proper in the District of Pennsylvania under U.S.C. § 1391(b) as all the events and omissions giving rise to the claims herein occurred in this district.

***III. Parties***

4. Plaintiff T. Barry Gray is an individual residing at 141 7th Avenue, Folsom, PA 19033.

5. Plaintiff T. Barry Gray, Executor is the executor of his mother's estate, the Estate of Thelma L. Gray, 141 7th Avenue, Folsom, PA 19033.

6. Defendant Angela L. Martinez, (hereinafter referred to as "defendant Martinez") is the Director of Delaware County, Office of Judicial Support, Government Center, Room 126, 201 W. Front Street, Media, PA 19063. Defendant Martins is responsible for the records of the Court of Common Pleas, the entry of default judgments in those records, and the issuance of writs of execution on those judgments, pursuant to state law. She is sued in her individual and official capacities.

7.    Defendant Deborah L. Gaston, (hereinafter referred to as "defendant Gaston"), was the Director of Delaware County, Office of Judicial Support. Government Center, Room 126, 201 W. Front Street, Media, PA 19063. Defendant Gaston was responsible for the records of the Court of Common Pleas, the entry of default judgments in those records, and the issuance of writs of execution on those judgments, pursuant to state law. She is sued in her individual and official capacities.

8.    Defendant TCIF REO CIT, LLC ( hereinafter referred to as "defendant TCIF" ), is a limited liability company organized under the laws of the United States, with an address of 3815 South West Temple, Salt Lake City, UT 84115 and at all times relevant, doing business in Commonwealth of Pennsylvania.

9.    Defendant Select Portfolio Servicing, Inc. ( hereinafter referred to as "defendant SPS" ) formerly known as Fairbanks Capital Corporation is a corporation organized under the laws of the United States, with a corporate address at 3815 South West Temple, Salt Lake City, Utah  84115 and at all times relevant, doing business in the Commonwealth of Pennsylvania.

10.    Defendant Wachovia Bank, National Association ( hereinafter referred to as "defendant Wachovia" ) formerly known as First Union National Bank is organized under the laws of the United States, with a corporate address at 123 South Broad Street, Philadelphia, Pennsylvania 19109-1029 and at all times relevant, doing business in Commonwealth of Pennsylvania.

11.    Defendant Joseph F. McGinn, (hereinafter "defendant McGinn"), is the sheriff of Delaware County, 201 West Front Street, Media, Pennsylvania 19063. He is responsible for the sale of properties pursuant to writs of execution pursuant to state law. He is sued in his individual and official capacities.

## *IV. Factual Allegations*

12. On September 25, 1998 an eighty-one (81) year old Thelma L. Gray, the mother of T. Barry, is alleged to have executed a Note to First Union National Bank in the amount of One Hundred Thousand, Eight Hundred and 00/100 ( $100,800.00 ) Dollars and a Mortgage to First Union National Bank in support of said Note in the amount of Fifteen Thousand and 00/100 ($15,000.00). A copy of said Note and Mortgage are appended hereto and incorporated herein as Plaintiffs' **EXHIBIT "A" (Note ) and EXHIBIT "B" (Mortgage).**

13. Mrs. Thelma L. Gray, caused to have recorded from her a Deed dated June 20, 2000, recorded with the Delaware County Recorder of Deeds, conveying the real property known as 141 7th Avenue, to "Thelma Lee Gray, T. Barry Gray and Patricia R. Gray, Husband and Wife". A copy of said Deed is appended hereto and incorporated herein as Plaintiffs' **EXHIBIT "C".**

14. Thelma Gray was served on June 5, 2001 with a complaint filed by First Union National Bank, now known as Wachovia Bank National Association, Delaware County Court of Common Pleas, docket No. 01-2757. The complaint at set forth at ¶12 "The following amounts are due on said Mortgage: **Principal balance $98,311.96** with other charges for a total of $122,809.25. A copy of said Complaint with exhibits is appended hereto and incorporated herein as Plaintiffs' **EXHIBIT "D".**

15. Exhibit A of the complaint is the Mortgage, it shows the **principal to be $15,000.00**. See **EXHIBIT "D"** , go to exhibit A of the complaint.

16. Thelma Gray filed Preliminary Objections which were overruled August 31, 2001, entered September 5, 2001 on the docket. A copy of said Docket is appended hereto and incorporated herein as Plaintiffs' **EXHIBIT "E".**

17. First Union National Bank after reinstating its complaint October 11, 2001, served the defendants T. Barry Gray and Patricia R. Gray on October 31, 2001.

18. March 4, 2002, the court's Trial Assignment and Case Management Order were filed.

19. Because defendants T. Barry Gray and Patricia R. Gray filed no answer to the complaint, defendant Gaston, on May 28, 2002, and at the request of First Union National Bank, entered a default judgment against Plaintiff T. Barry Gray, his wife Patricia Gray and his mother Thelma Gray in the amount of $ **122,809.25**, the mortgage principal was only $15,000.00. A copy of the Default Judgment Notice and Praecipe To Enter Default Judgment are appended hereto and incorporated herein as Plaintiffs' **EXHIBIT "F"**.

20. Defendant Gaston entered judgment in that amount despite the fact that the complaint exhibit of the mortgage showed that it only had a principal amount of $15,000.00 not $98,311.96 as set forth by defendant First Union National Bank.

21. At all times relevant to this Complaint, subsequent to the entry of the default judgment defendants TCIF, SPS and Wachovia was aware of this deception and was represented by the same counsel, Barbara A. Fein, Esquire.

22. At all times relevant, defendant TCIF, was acting in an individual capacity, and/or it was also at all times relevant, acting as an ostensible agent and/or an actual agent, servant and/or employee of defendants SPS and/or Wachovia herein within the scope of its authority or employment.

23. At all times relevant, defendant SPS, was acting in an individual capacity, and/or it was also at all times relevant, acting as an ostensible agent and/or an actual agent, servant and/or employee of defendants TCIF and/or Wachovia herein within the scope of its authority or employment.

24.     At all times relevant, defendant Wachovia, was acting in an individual capacity, and/or it was also at all times relevant, acting as an ostensible agent and/or an actual agent, servant and/or employee of defendants SPS and/or TCIF, herein within the scope of its authority or employment.

25.     Defendant SPS had Thelma Gray's home appraised as of 12/15/06 with a value of $235,000.00.

26.     Defendant McGinn scheduled a sheriff's sale of plaintiffs' home based on this excessive judgment.

27.     Plaintiff and his wife never received Notice and the record doesn't indicate any Notice given by the court permission to substitute the Note Principal for the Mortgage Principal in the mortgage foreclosure actions.

28.     For years the Plaintiff and his family have attempted unsuccessfully to undue the mistake of the Office of Judicial Support and defendants Gaston and McGinn.

29.     First Union National Bank substituted the Note balance and other charges in place of the Mortgage balance, knowing that the Note balance far exceeded the amount permitted under a foreclosure based on the mortgage, defendant Gaston entered this higher amount and her office subsequently issued a writ of execution in that higher amount pursuant to an official policy entering default judgments in whatever amount is sought by plaintiff, regardless of whether that amount is supported by plaintiff's own exhibit and in Mrs. Gray's case she had filed an answer to the complaint so it would appear that only the trial court was authorized not the Office of Judicial Support to determine if she was in default and so order judgment.

30.     At all times relevant defendants TCIF, SPS and Wachovia were aware of the facts set forth in ¶28.

31. Defendant Gaston entered this higher judgment amount after she was or should have been put on notice in earlier lawsuits that state court plaintiffs made a practice of seeking judgments in excess of amounts demanded in the complaint and sometimes even for amounts allegedly not yet due. This Honorable Court has said there is level of responsibility that the Prothonotary should take in validating the proposed default judgment request before entry, it shouldn't be non-accountable mechanical process.

32. Defendant Gaston refused to correct such judgment.

33. Defendant McGinn, as Sheriff, has executed upon the property of the Plaintiffs and others pursuant to writs of execution based upon judgments entered under the procedures challenged herein.

34. Defendant Gaston has regularly entered judgments using the procedure that was used in the case of the Plaintiffs.

35. The state lacks procedures for challenging the deprivations set forth in this complaint.

36. At all times relevant defendants Gatson and McGinn acted under the color of state law and denied Plaintiffs due process, pursuant to the Fourteenth Amendment of the United States Constitution.

37. After Thelma Gray answered the Complaint, with Preliminary Objections in State Court, defendants Gaston and McGinn, entered a judgment by default issued a writ of execution and conducted a sheriff's sale of her home.

38. Defendant Martinez continues the policies utilized by defendants Gaston and McGinn as set forth in this action.

***<u>V. FIRST CLAIM</u>***

39. Plaintiffs incorporate by reference paragraphs 1 through 38 as if fully set forth herein.

40. The procedures used by defendants Gaston and McGinn in the case of Plaintiffs, result, in essence, in the entry of additional judgments against plaintiffs, resulting in liens on their property, in excess of the mortgage amount, with no notice or opportunity for a hearing, prior to entry of a judgment amount different from the mortgage document.

41. These uniform procedures thus result in the taking of Plaintiffs' property without the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution, in violation of 42 U.S.C. § 1983.

***VI. SECOND CLAIM***

42. Plaintiffs incorporate by reference paragraphs 1 through 41 as if fully set forth herein.

43. As a result of defendants' Gaston and McGinn actions, the Plaintiffs have been damaged by a taking of their property in the amount of $ 107,809.25 ($ 122,809.25 - $15,000.00 = $ 107,809.25). Defendants Gaston and McGinn are liable to Plaintiffs in that amount pursuant 42 U.S.C. § 1983.

***VII. THIRD CLAIM***

44. Plaintiffs incorporate by reference paragraphs 1 through 43 as if fully set forth herein.

45. Defendants Gaston and McGinn actions in increasing the mortgage amount of damages claimed in judgment owed to First Union National Bank without informing the Plaintiffs, that it was doing so, constituted unfair and deceptive practices which created a likelihood of confusion and misunderstanding as to be the status and judicial approval of debts to First Union National Bank, in violation of 73 P.S. § 201-2 (4) (i), (ii), ( v ), and (xvii), rendering them liable to plaintiff for triple the actual damages suffered by Plaintiffs or $100, whichever is greater.

***VIII. FOURTH CLAIM***

46. Plaintiffs incorporate by reference paragraphs 1 through 45 as fully set forth herein.

47. At all times relevant defendants TCIF, SPS and Wachovia new that the principal amount of Thelma Gray's Mortgage Note was $15,000.00 not $ 100,800.00, the same counsel represented all three (3) defendants.

48. Defendant Wachovia via First Union National Bank used the State Courts procedures for obtaining a default judgment in a manner that it was not intended.

49. First Union National Bank's Mortgage Foreclosure Complaint at **EXHIBIT "D",** page 3 averment 13, states, The following amounts are due on said Mortgage: first line item is Principal balance $ 98,311.96, turning to the exhibits, specifically the "MORTGAGE" and it becomes clear that the principal for the mortgage is $15,000.00.

50. Wachovia via First Union National Bank abused the process by having Defendant Gaston enter assess damages for a default judgment, not based on the Mortgage Principal of $15,000.00, but elected to use the Note Principal of $98,311.96.

51. Fairbanks Capital Corporation often accused of using predatory practices after finding out what had happened purchased the Judgment and subsequently changed its name to SPS.

52. Defendants Wachovia, SPS, TCIF, counsel Barbara Fein, took Plaintiff's home to sheriff sale, claimed it on the writ, for a little over $1,000.00 and then assigned the bid to TCIF, who is an affiliate company of SPS.

53. Defendants Wachovia, SPS, TCIF are liable to Plaintiffs pursuant 42 U.S.C. § 1985(2) for conspiring for the purpose of hindering and obstructing their due process by an abuse of the process in State court in securing default judgment and then deprive Plaintiffs' of their home.

54. All defendants' deprived Plaintiffs of equal protection under the law.

## *IX. PRAYER FOR RELIEF*

**WHEREFORE,** Plaintiffs' collectively pray that this Honorable Court:

1. take jurisdiction of this matter;

2. enter judgment and grant relief declaring that the procedure whereby defendants Gaston, Martinez and McGinn enter damages against defendants at the request of state court plaintiffs in excess of amounts of their supporting exhibit(s) without a notice of a hearing is violative of the Due Process Clause of the Fourteenth Amendment to the United States Constitution;

3. enter judgment and grant relief enjoining defendant Martinez from increasing damages claimed or judgments entered against defendants at the request of state court plaintiffs without a hearing or notice of a hearing, when plaintiffs exhibit(s) are contrary to the sum certain requested and enjoining defendant McGinn from selling property in execution on any judgment in which damages claimed in judgments entered have been increased without hearing or notice of a hearing;

4. enter judgment and grant relief ordering defendants to return title of Plaintiffs home to them as it was entered prior to the state court judgment and disregard damages claimed in excess of the $15,000.00 mortgage principal, that secured the Note and give notice of such disregard to the parties to the judgment;

5. enter judgment against defendants Gaston and McGinn in favor of Plaintiff T. Barry Gray, Executor, in an amount triple their damages;

6. enter judgment against defendants Wachovia, SPS, TCIF, jointly and severally and in favor of Plaintiffs, in the amount of two hundred and fifty-five thousand dollars ($255,000.00);

7. grant such other relief as is just and proper.

**VERIFICATION**

T. Barry Gray, Individually and as Executor for the Estate of Thelma L. Gray, declares as follow:

1. we are residents of 141 7th Avenue, Folsom, PA 19033;
2. deeded owners of 141 7th Avenue, Folsom, PA 19033, recorded Delaware County, at 037887, vol 2027 pg 0591;
3. we have personal knowledge of the facts set forth in the foregoing complaint and affirm there truth;
4. we verify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted,

BY: T. Barry Gray

T. Barry Gray

T. Barry Gray

T. Barry Gray, Executor

141 7th Avenue
Folsom, PA 19033
610-757-0039

# EXHIBIT "A"

88100369423 DN

NEGOTIABLE PR[illegible]
(Fixed or Variable Interest Rate)

BK: 08 LOC: 007 LN TP: 69
RC: 0803069 0100000/00
$100,000.00

Date: 09/25/98
Ref. No. 98E4403948
Acct. No. 08-10036 9423

CREDITOR: FIRST UNION NATIONAL BANK
MACDADE BLVD & FAIRVIEW RD
WOODYN, PA 19094

BORROWER(S): THELMA L GRAY
141 7TH AVE
FOLSOM, PA 19033

FOR VALUE RECEIVED, I the Borrower(which means everyone who signs below as a borrower, jointly and severally), promise to pay FIRST UNION NATIONAL BANK, or order, the principal amount of this loan as stated above (the Amount Financed; plus the prepaid finance charge, if any, as disclosed in the Itemization of Amount Financed), together with interest from the date of this Note on the unpaid principal balance at the interest rate for a fixed or variable rate loan disclosed below until fully paid. "I", "me", and "my" refer to Borrower(s) while "you" and "your" refer to FIRST UNION NATIONAL BANK.

___ If indicated, this is a fixed rate loan and my interest rate is

X If indicated, this is a variable rate loan and my Initial Interest Rate is 7.74 % which is tied to the Wall Street Journal (WSJ) "Prime Rate."

The Initial Interest Rate is computed as follows: Prime Rate of 8.50 % Plus 0.76 Percentage Points.

| ANNUAL PERCENTAGE RATE: The cost of my credit as a yearly rate. | FINANCE CHARGE: The dollar amount the credit will cost me. | Amount Financed. The amount of credit provided to me or on my behalf. | Total of Payments. The amount I will have paid after I have made all payments as scheduled. |
|---|---|---|---|
| 7.85% | $99,240.80 | $100,000.00 | $199,240.80 |

I have the right to receive at this time an Itemization of the Amount Financed: ( ____ ) I want an itemization. ( ____ ) I do not want an itemization.

My payment schedule will be:

| No. of Payments | Payment Amount | Frequency | Due Date | No. of Payments | Payment Amount | Frequency | Due Date |
|---|---|---|---|---|---|---|---|
| 240 | $830.17 | MONTHLY | 11/13/98 | | | | |

Variable Rate: If my loan has a variable rate, my interest rate may increase during the term of my loan based on movement of the WSJ Prime Rate. My interest rate will not increase more than once each month. If my loan is secured by a principal dwelling for a term greater than one year, disclosures about the variable rate have been provided to me earlier.

X If indicated, my loan has multiple payments for a term of more than 60 months. Any increase in my interest rate will increase the number of payments and may increase the payment amounts. If my loan were for $10,000 for 144 months at 12% and the interest increased to 12.50% in three months, my regular payment would increase by $7.30 beginning with my Sixty-First payment.

___ If indicated, my loan has multiple payments for a term of 60 months or less. Any increase in my interest rate will increase the number of payments. If my loan were for $10,000 for 60 months at 12% and the interest rate increased to 12.50% in three months, I would have to make one additional payment of $196.58.

___ If indicated, my loan has a single payment. Any increase in my interest rate will increase the amount due at maturity. If my loan were for $10,000 at 12% for 90 days, and my interest rate increased to 12.25% in 20 days, then my final payment would increase by $4.80.

X MAXIMUM RATE: If indicated, the maximum interest rate will not exceed: 17.73%.

Security. I am giving a security interest in:

___ the goods or property being purchased. X other (describe): REAL ESTATE

Collateral securing other loans with you may also secure this loan, except my principal dwelling or household goods.

Filing Fees.

Prepayment. If I pay off early, I will not have to pay a penalty and I will not be entitled to a refund of any part of the Prepaid Finance Charge.

Late Charges. If you receive any payment 10 days or more after the due date, I agree to pay you a late charge of 5% of my payment.

___ If indicated, this loan is for the purchase of property used as my principal dwelling and someone buying my principal dwelling cannot assume the remainder of my loan on the original terms.

___ If indicated, the Annual Percentage Rate does not take into account my required deposit.

I may see my contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled due date, and prepayment refunds and penalties.

INSURANCE DISCLOSURES: I understand that credit life and credit disability insurance are not required to get this loan. You will not provide it unless I sign this credit insurance section and agree to pay the cost. If I want any of these insurance coverages, I must be sure that the insurance coverage I want is indicated, that the amount of the premium is filled in, and that I have signed below. If I request credit insurance or credit disability insurance, I have the right to rescind the insurance policy or certificate of insurance by giving written notice to the insurance company within 30 days from the date I received the policy or certificate. The term and amount of any insurance I request is for the stated term/amount of this loan unless otherwise indicated below. If this loan is secured, I may obtain property insurance from anyone I choose.

| INSURED #1 #2 | TYPE | PREMIUM | TERM IN MOS. | AMT. OF COVERAGE | DISABILITY MONTHLY BENEFIT |
|---|---|---|---|---|---|
| ___ ___ | Credit Life | | | | |
| ___ | Credit Disability | | | | |

I request coverage(s) checked for the premiums shown above. I request coverage(s) checked for the premiums shown above.

Signature of Insured #1 Signature of Insured #2

PROPERTY AS SECURITY: To secure payment of this Note, I grant you a security interest in the collateral described below, or in the mortgage as indicated by the date below or on Schedule A, plus all additions, replacements or accessions to, and proceeds of the collateral. This collateral will secure any other loans with you, now or in the future unless the collateral is used as a principal dwelling or household goods. Any additional collateral is listed on the attached Schedule A.

141 7TH AVE FOLSOM PA 19033

___ If indicated, I (we) authorize you to draft all amounts due from my deposit account as provided in my application.

NOTICE: SEE OTHER SIDE FOR IMPORTANT INFORMATION. The reverse side has an arbitration provision that limits my or a Guarantor's rights to a trial in a court of law. Each Borrower acknowledges receipt of a copy of this Note, fully completed prior to signing, and further acknowledges that this is a sealed instrument. The terms and conditions printed on the reverse side are part of this Note.

Thelma L. Gray (SEAL) ________ (SEAL)

EXHIBIT

129906 0002103885 TIL 30022777

## OTHER TERMS OF MY NOTE

### NOTICE OF PROPOSED CREDIT INSURANCE

[illegible] UNION SECURITY LIFE INSURANCE COMPANY [illegible]

**VARIABLE RATE INTEREST RATE CHANGES:** [illegible]

**PAYMENT ADD PROVISIONS:** [illegible]

**VARIABLE RATE PAYMENT CHANGES:** [illegible]

**BALLOON NOTE:** [illegible]

**INSURANCE:** [illegible]

**SECURITY AGREEMENT:** [illegible]

**EVENTS OF DEFAULT:** [illegible]

**REMEDIES ON DEFAULT:** [illegible]

**ATTORNEY'S FEES:** [illegible]

**RETURNED PAYMENT CHECK FEE:** [illegible]

**ARBITRATION:** [illegible]

**OTHER PROVISIONS:** [illegible]

**INFORMATION REPORTED TO CONSUMER REPORTING AGENCIES:** [illegible]

**SHARING INFORMATION REGARDING MY FIRST UNION RELATIONSHIPS:** [illegible]

**GUARANTY OF THIRD PERSONS:** [illegible]

______________________________ (SEAL) ______________________________ (SEAL)
Guarantor - Co-Signer Guarantor - Co-Signer

**THIRD PARTY OWNER(S) AGREEMENT:** The undersigned, as owner(s) or co-owner(s) of the collateral, grant you a security interest in the collateral and agree that the terms and conditions of this Note shall apply to the collateral.

______________________________ (SEAL) ______________________________ (SEAL)
Owner or Co-Owner Owner or Co-Owner

# EXHIBIT "B"

9824403948

0810036 9423

# MORTGAGE

IN THIS MORTGAGE, dated 9/25, 19 98, Thelma L. Gray the person(s) residing at 141 7th Ave Folsom, Pa. 19033 signed below as "Owner" and is referred to in this mortgage as "I", "me" or "my", whether one or more persons. "You", "your" or "First Union" in this mortgage means FIRST UNION NATIONAL BANK with an office located at 1302 Macdade Blvd. Woodlyn, Pa 19094. If I am not indebted to First Union under the Note described below, the person(s), Thelma L. Gray residing at 141 7th Ave. Folsom Pa. 19033 is signing below as and is referred to in this mortgage as Borrower, whether one or more persons.

**THE PROPERTY.** This mortgage is on real property located at the street address of 141 7th Ave, in the City of Folsom, County of Delaware, Pennsylvania, Zip Code 19094 (referred to in this Mortgage as "Property"). A further description of the Property is contained in the deed by which I acquired the Property. My deed is recorded at the Delaware County Clerk's, Register's or Recorder's Office, in book, page, liber, or registry as parcel, pin, plat, lot, block, etc. as follows:

Book # 2054,
Page #347 RIDLEY TWP
Parcel # 38-03-02196-00

The Property includes all existing and future buildings and improvements on the Property and any rights interests resulting from my ownership or possession of the Property.

**WHAT THE MORTGAGE SECURES.** Under the terms of a Promissory Note dated 9/25 19 98, including all extensions, modifications and renewals of the Promissory Note (referred to in this mortgage as the "Note"), Borrower is indebted to you in the principal sum of U.S. $ 15,000.00 which is the maximum aggregate amount of principal to be secured by this mortgage at any one time. The Note provides that Borrower shall pay you monthly installments of principal and interest, with the balance of indebtedness on the Note, including all principal, interest, and other charges (including interest), if not paid in full earlier, becoming due and payable in full on 11/13, 2018.

Intending to be legally bound and to induce you to enter into or maintain in effect the Note with Borrower, I hereby mortgage, grant and convey the Property to you. This mortgage will secure: (i) all loans which you have already made or are later required to make to Borrower under the Note and this mortgage, (ii) any amounts which you may advance to insure, pay taxes on, or repair the Property if I or the Borrower fail to do so, (iii) your cost of collection in the event of default as provided in the Note, (iv) all finance charges and other charges you impose on all such loans, advances and expenses as provided in the Note and this mortgage, (v) the performance of all of Borrower's promises in the Note and all of my promises in this mortgage, and (vi) any extensions, renewals, modifications or amendments of the Note.

**OWNERSHIP:** By signing below, I warrant that I am the only owner of the Property, and that I have the right to mortgage it to you. I agree to defend for you and any successors and assigns, any lien claims, valid or invalid, asserted against the Property, and to reimburse you for any loss or damage you may suffer as a result of any and all lien claims against the Property. If the Property is a condominium or part of a planned unit development, I have verified that this mortgage is permitted under any condominium or relative documents, and if any approval(s) is required, I have obtained all approvals.

**PAYMENTS OF PRINCIPAL AND INTEREST:** Borrower will pay when due, the principal and interest on the Note. Unless the law says otherwise, you will apply all payments that you receive on account of the Note first to interest due on the Note, then to any other charges owing under the Note, and then to the principal balance remaining on the Note.

**OTHER MORTGAGE(S):** I hereby warrant that the Property is free of claims and demands of any other person(s) except for other mortgage(s) I already told you about. I will perform all of my obligations, including making all payments when due, under any and all existing (or any later) mortgage(s) on the Property.

**TAXES:** I will pay all real estate taxes, assessments, water and sewer rents and other charges on the Property when they come due. I will provide you with proof of payment upon request.

**PROTECTION OF YOUR INTEREST IN THE PROPERTY:** If I do not perform any of my duties stated in this mortgage, or if a legal action is brought concerning the Property that adversely affects your interest in the Property, then you, at your option, and with notice to me and/or Borrower, may make any court appearances, pay sums, including reasonable attorney's fees, and take necessary action to protect your interest in the Property. Any amount of money that you pay, that is authorized by this paragraph, will be added to the principal amount of the Note, earn interest at the rate of the Note, and be secured by this mortgage, including the interest.

You, or someone authorized by you, may enter upon and inspect the Property at reasonable times if you give me prior notice.

**MAINTENANCE:** I will keep the building(s) on the Property in good condition and repair. I will not make any major changes (except for repair work) or tear down any building(s) without your prior written consent. I have no knowledge of any environmental condition or hazard which adversely affects the Property. I have no knowledge of any work that has been done on, or materials furnished to, or improvements made to the Property within the ... materials for which the provider(s) has been paid in full.

RECORDER OF DEEDS DELAWARE CO. PA.

881003694 23

VOL 1781 PG 1694

EXHIBIT A

**INSURANCE:** I will keep the building(s) and improvements on the Property insured at all times against loss by fire, flooding and any other "extended coverage" hazard you may specify. I may choose the insurance company, but that company must be acceptable to you. I will deliver the policy or the other proof of insurance to you at your request. The policy must be for at least the amount and time period you specify and must name you as mortgagee. This means you have the right to receive payment on all insurance claims, up to the amount of your interest in the Property, before me. You may permit me to use any insurance proceeds you receive to repair any damage to the Property, if you reasonably believe the proceeds are adequate for this purpose. Otherwise, you will apply the proceeds to reduce the balance Borrower owes under the Note.

If I abandon the Property, or if I fail to respond to you within 30 days from the date you mail notice to me that the insurance carrier offers to settle a claim for insurance benefits, you are authorized to collect and pay the insurance proceeds, at your option, either to repair the Property or reduce what Borrower owes under the Note.

**CONDEMNATION:** If the Property is taken or condemned by authorities, I hereby assign all proceeds of any and all claims for damages, direct or indirect, in connection with the taking or condemnation, to you and all of said proceeds shall be paid to you, subject to the rights of any prior and superior lien on the Property. Subject to the rights of any prior and superior lien on the Property, you will use the proceeds to pay Borrower's indebtedness under the Note, and any amounts remaining after the Note has been paid in full will be delivered to me or Borrower.

**SALE OF PROPERTY:** I will not sell, transfer ownership or mortgage the Property, in whole or in part, to any other person without your prior written consent.

**DEFAULT:** The Note states when, why and how you may declare a default. When you declare a default under the Note, this mortgage will also be in default. If I do not perform my duties under this mortgage, you may, at your option, declare the Note and this mortgage to be in default. When you declare a default, you may also give me and Borrower notice of your intention to take action, and of my or Borrower's right to cure the default within any time period as may then be provided by law. If cure is not effected by me or the Borrower within that time period, you can require the Borrower to immediately pay us the entire balance owing under the Note. You may also foreclose on this mortgage. This means you can arrange for the Property to be sold, as provided by law, in order to pay the entire amount Borrower owes you under the Note.

If the money you receive from the sale is not enough to pay the entire amount the Borrower owes you, Borrower will owe you the difference. If you receive more than the Borrower owes, you will pay the surplus to me or the Borrower, as you alone choose. If you foreclose on the Property, you shall have the right to collect in that proceeding, all expenses of foreclosure, including but not limited to, reasonable attorney's fees and costs of documents, abstracts, and title reports.

**ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER:** As additional collateral to secure the Note, I hereby grant to you any and all rents of the Property. But unless and until you make all amounts owing under the Note become immediately due and payable, or I abandon the Property, I have the right to collect and retain the rents as they become due and payable.

If you make all amounts owing under the Note become immediately due and payable, or if I abandon the Property, you shall have the right to have a court appoint a person called a receiver to enter upon, take possession of, and manage the Property, and collect all rents of the Property, including those past due. All rents that the receiver collects shall be used to pay all costs of managing the Property and collecting the rents, including but not limited to the receiver's fees, premiums on the receiver's bonds and reasonable attorney's fees; and second to all amounts secured by this mortgage. The receiver shall account only for the rents he actually received.

**BINDING AND CONTINUED EFFECT:** Until the Borrower pays the Note in full, and this mortgage is fully satisfied, the provisions of this mortgage will be binding on me and all future owners and tenants of the Property. This mortgage is for your benefit and that of anyone to whom you may transfer and assign it.

**HAZARDOUS SUBSTANCES:** I shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. I shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and maintenance of the Property.

I shall promptly give you written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge. If I learn or am notified by any governmental or regulatory authority that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law, including the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection.

**LOAN CHARGES:** If the Note secured by this mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Note, exceed permitted limits, then: (1) any such loan charges shall be reduced by the amount necessary to reduce the charge to the permitted limit: and (2) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. You may choose to make this refund by reducing the principal owed under the Note or by mailing a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment under the Note.

**WAIVER OF HOMESTEAD:** I waive all rights under any law, to prevent you from applying all proceeds from the Property to fully satisfy the amounts due and owing under the Note.

**RELEASE OF THIS MORTGAGE:** I or Borrower may advise you in writing that either or both of us do not wish this mortgage to secure any later loans to Borrower. My and/or Borrower's notice shall not become effective until the fifth business day after you receive it at your address stated above. After all amounts outstanding on the effective date of my or Borrower's notice, and your finance charges and other charges have been paid in full, you will promptly declare this mortgage satisfied.

**GOVERNING LAW:** The law of the state in which the Property is located, and any applicable federal law, will govern the terms of this mortgage.

**NOTICES:** Any notice required to be given to you by me or Borrower, or any third party, either under this mortgage or as otherwise required by law or the Note, shall be given to you by certified mail, return receipt requested at your address stated above. Any notice required to be given by you to me, shall be given by delivering it or by mailing such notice by first class mail, addressed to me or the current owner residing at the Property, or at such other address as I may designate by notice to you. Notice to Borrower and any other person(s) obligated on the Note shall be given by first class mail to the names and addresses as they appear in your records.

**COPIES.** I and Borrower will receive copies of the Note, this mortgage and any supplementing agreements, after we execute those documents or after those documents are recorded with the appropriate office.

**WAIVER OF YOUR RIGHTS:** Without notice to me and/or Borrower, you may (i) delay enforcing any of your rights under the Note or this mortgage without losing them, (ii) extend the time for payment or modify or amend the Note or (iii) add, release or permit the substitution of parties to the Note or collateral securing the Note. You can take any or all of these actions without in any way affecting your rights under this mortgage. Any waiver by you of any provision of the Note or this mortgage will not be a waiver of the same of any other provision on any other occasion.

**INTEREST RATE AFTER JUDGMENT:** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action on this mortgage, shall be the rate stated in the Note.

**REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST**

I, Borrower, and First Union request the holder of any mortgage, deed of trust or other encumbrance with a lien having priority over this mortgage to give notice to First Union at its address stated on page one of this mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

**SIGNATURES.** I and Borrower have signed and sealed this mortgage the day and year first above written.

Dawn M Walker
Witness Dawn M. Walker

Thelma L Gray (SEAL)
Owner Thelma L. Gray

Witness

_______________ (SEAL)
Owner

Thelma L Gray (SEAL)
Borrower Thelma L. Gray

_______________ (SEAL)
Borrower

STATE OF PENNSYLVANIA )
) SS Thelma L. Gray
COUNTY OF: Delaware )

BE IT REMEMBERED, that on this 25th day of Sept. 19 98 before me, a Notary Public of Ridley Township personally appeared Thelma L. Gray who is/are known (or were proven) to me to be the person(s) named in and who executed the above mortgage, and thereupon he/she/they acknowledged before me that he/she/they signed, sealed and delivered the same as a voluntary act and deed, for the uses and purposes expressed in the mortgage, and desired that it be recorded as such.

(SEAL)

Jacquelyn A. Currier
Notary Public

My commission expires:

NOTARIAL SEAL
JACQUELYN A. CURRIER, Notary Public
Ridley Township, Delaware County
My Commission Expires Jan. 10, 2000

VOL 1781 PG 1696

I certify that the precise address of the within named Mortgagee, First Union National Bank is ________

FIRST UNION NATIONAL BANK
PO BOX 50010
ROANOKE, VA 24042

Mel Lattes    Loan Review Specialist
Signature    Title

**(COMPLETE WHEN MORTGAGE IS FULLY PAID)**

To the County Recording Officer of________________________ County:
This mortgage is fully paid. I authorize you to cancel it of record.

Dated:________________________, 19______

ATTEST:

FIRST UNION NATIONAL BANK

______________________________
Name:
Title:

By: ______________________________
Name:
Title:

RETURN TO
RAPIDATA
BOX 146

VOL 1781 PG 1697

# EXHIBIT "C"

037887

# Deed

THELMA LEE GRAY, widow,

to

THELMA LEE GRAY

and

T. BARRY GRAY AND PATRICIA R. GRAY

MAIL TAX BILL TO &

PREMISES: 141 7th Avenue
Folsom, Pa. 19033

FOLIO # 38-03-02196-00

The address of the above named Grantees

2414 N. 54th Street
Philadelphia, PA 19131

Fee Simple Deed

# This Indenture Made the 20th day of June in the year of our Lord Two Thousand (2000)

## Between

THELMA LEE GRAY, widow (hereinafter called the Grantor),

AND

THELMA LEE GRAY, T. BARRY GRAY AND PATRICIA R. GRAY, husband and wife (hereinafter called Grantees)

## Witnesseth

That the said Grantor for the consideration of the sum of ONE ( $1.00 ) DOLLAR lawful money of the United States of America, unto her well and truly paid by the Grantees, at or before the sealing and delivery hereof, the receipt whereof is hereby acknowledged, has granted, bargained and sold, released and confirmed, and by these present does her heirs and assigns

Folio 38-03-02196.00 141 7th Ave. Folsom, Pa.

ALL THOSE TWO CERTAIN lots or pieces of ground, Situate in the Township of Ridley, County of Delaware and Commonwealth of Pennsylvania, described in accordance with a recorded plan of "Locksley" made by Robert P. Green, Esquire, Surveyor, dated December 22nd 1886, and recorded at Media, Pennsylvania, in Deed Book C-6 page 622 described as follows, to wit:

BEGINNING at a point on the Northwesterly side of Seventh Avenue at the distance of Three hundred seventy two and one tenth feet Northeast of the Northeasterly corner of Seventh Avenue and Morton Avenue. CONTAINING in front on said Seventh Avenue One hundred feet and extending of that width in length or depth Northwestwardly between parallel lines at right angles to said Seventh Avenue, on the Southwest side thereof One hundred sixty nine and eighty five one-hundredths feet and on the Northeast side thereof, One hundred seventy four and seventy nine one-hundredths feet. BEING Lot Nos. 87 and 88 on id plan:

BEING the same premises which Ridley Realty Inc., by Deed dated 7/14/1961 and recorded at Media in the office for the Recording of Deeds, in and for the County of Delaware on 21st day of July AD, 1961 in Deed Book 2054 page 347 etc., granted and conveyed unto Thomas W. Gray and Thelma L. his wife. Whereby the said Thomas W. Gray departed this life.

TOGETHER with the free and common use, right, liberty and privilege of the alley as & for a passageway and watercourse at all times hereafter forever.

The conveyance is from Mother to herself, Son and Daughter in Law.

## Together

with all and singular the buildings and improvements, ways streets, alleys, driveways, passages, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever unto the hereby granted premises belonging, or in any wise

appertaining, and the reversions and remainders, rents, issues, and profits thereof; and all the estate, right, title, interest, property, claim and demand whatsoever of the said Grantor, as well at law as in equity, of, in, and to the same.

## To Have And To Hold

the said lots or pieces of ground above described with the building and improvements thereon erected, hereditaments and premises hereby granted, or mentioned and intended so to be, with the appurtenances, unto the said Grantees, their heirs and assigns forever. AS TENANTS BY THE ENTIRETY. AS TO HUSBAND AND WIFE AND RIGHTS OF SUVIVORSHIP AS TO PARENT AND CHILD.

## And

The said Grantor, her heirs, executors and administrators do covenant, promise and agree, to and with the said Grantees, her heirs and assigns, by these presents, that they the said Grantor and her heirs, all and singular the hereditaments and premises hereby granted or mentioned and intended so to be, with all the appurtenances, unto the said Grantees, their heirs and assigns, against them, the said Grantor and her heirs and against all and every person and persons whomsoever lawfully claiming or to claim the same or any part thereof, by, from or under her, him, them or any of them, shall and will as aforesaid.

WARRANT and forever DEFEND.

**In Witness Whereof,** the parties of the first part do hereunto set their hands and seals dated the day and year first above written.

SEALED and DELIVERED
In the presence of

Thelma Lee Gray
Thelma Lee Gray, widow

Commonwealth of Pennsylvania
County of Philadelphia

On this, the 20th day of June, 2000, before me a Notary Public for the Commonwealth of Pennsylvania, residing in the County of Delaware personally appeared Thelma Lee Gray known to me (satisfactorily proven) to be the person whose name is subscribed to the within instrument, and acknowledged that these executed the same for the purpose contained,

I hereunto set my hand and official seal.

Lilliananu Brooks
NOTARY PUBLIC

NOTARIAL SEAL
LILLIANANN BROOKS, Notary Public
Springfield Twp., Delaware County
My Commission Expires Dec. 15, 2001

# EXHIBIT "D"

LINTON, DISTASIO, ADAMS & KAUFFMAN, P.C.
By: Anthony R. Distasio, Esquire
Attorney I.D. No. 46890
1720 Mineral Spring Road, P.O. Box 461
Reading, PA 19603-0461
(610) 374-7320

| | |
|---|---|
| FIRST UNION NATIONAL BANK,<br>Plaintiff | : IN THE COURT OF COMMON PLEAS OF<br>: DELAWARE COUNTY PENNSYLVANIA<br>: CIVIL ACTION - LAW |
| v. | : |
| THELMA L. GRAY, Mortgagor and Real Owner and T. BARRY GRAY and PATRICIA R. GRAY, Real Owners<br>Defendants | : No. 01-2757<br>:<br>: ACTION OF MORTGAGE FORECLOSURE |

# NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and by filing in writing with the Court your defenses or objections to the claims set forth against your. You are warned that if you fail to do so the case may proceed with out you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claims or relief requested by the Plaintiff. You may lose money or property or their rights important you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET HELP.**

**Lawyers Reference Service**
**Delaware County Bar Association**
**Front & Lemon Streets**
**Media, PA 19063**
**(610) 566-6625**



**LINTON, DISTASIO, ADAMS & KAUFFMAN, P.C.**
**By: Anthony R. Distasio, Esquire**
**Attorney I.D. No. 46890**
**1720 Mineral Spring Road, P.O. Box 461**
**Reading, PA 19603-0461**
**(610) 374-7320**

| | |
|---|---|
| FIRST UNION NATIONAL BANK,<br>Plaintiff | : IN THE COURT OF COMMON PLEAS OF<br>: DELAWARE COUNTY PENNSYLVANIA<br>: CIVIL ACTION - LAW |
| v. | :<br>: No. |
| THELMA L. GRAY, Mortgagor and Real Owner and T. BARRY GRAY and PATRICIA R. GRAY, Real Owners<br>Defendants | :<br>:<br>:<br>: ACTION OF MORTGAGE FORECLOSURE |

***COMPLAINT IN MORTGAGE FORECLOSURE***

1. Plaintiff, First Union National Bank, is a national bank organized under the laws of the United States, with an office located at 123 South Broad Street, 7th Floor, Philadelphia, Pennsylvania 19109-1029.

2. Defendant, Thelma L. Gray, mortgagor and real owner of the premises hereinafter described, is an adult individual with a last known address of 141 Seventh Avenue, Folsom, PA 19033.

3. Defendants, T. Barry Gray and Patricia R. Gray, real owners of the premises hereinafter described, are adult individuals with a last known address of 141 Seventh Avenue, Folsum, PA 19033.

4. On September25, 1998, the Defendant, Thelma L. Gray, made, executed and delivered to First Union National Bank, a Mortgage upon the premises hereinafter described, which mortgage is recorded in Mortgage Book Volume 1781, Page 1694, Delaware County Records. A true and correct copy of the mortgage is attached hereto as Exhibit "A".

5. The Contract has not been assigned.

6. The premises subject to said Mortgage is described as follows:

ALL THOSE TWO CERTAIN lots or pieces of ground, Situate in the Township of Ridley, County of Delaware and Commonwealth of Pennsylvania, described in accordance with a recorded plan of "Locksley" made by Robert P. Green, Esquire, Surveyor dated December22nd, 1886, and recorded at Media, Pennsylvania, in the Book C-6 page 622 described as follows, to wit:

BEGINNING at a point on the Northwesterly side of Seventh Avenue at the distance of Three hundred seventy two and one tenth feet Northeast of the Northeasterly corner of Seventh Avenue and Morton Avenue.

CONTAINING in front on said Seventh Avenue One hundred feet and extending of that width in length or depth North westwardly between parallel lines at right angles to said

Seventh Avenue, on the Southwest side thereof One hundred sixty nine and eighty five one-hundredths feet and on the Northeast side thereof, One hundred seventy four and seventy nine one-hundredths feet.

BEING LOT NOS. 87 and 88 on said Plan.

TOGETHER with the free and common use, right, liberty and privilege of the alley as and for a passageway and watercourse at all times hereafter forever.

7. The Plaintiff has complied with the provisions of Section 403 of Act No. 6 of 1974, 41 P.S.§ 403 and Section 2 of Act 91 of 1983, 35P.S.§403(c) as evidenced by copies of the notices required thereunder attached hereto, marked as Exhibit "B", made a part hereof, and sent to the Defendant, Thelma L. Gray, on May 16, 2000.

8. The provisions of Section 403 of Act No. 6 of 1974, 41 P.S.§ 403 and Section 2 of Act 91 of 1983, 35P.S.§403(c) do not apply to Defendants, T. Barry Gray and Patricia R. Gray.

9. Said Mortgage is in default because the required installments of principal and interest due March 13, 2000 and the 13th day of each month thereafter are due and have not been paid.

10. After demand by Plaintiff, Defendant has failed to pay said installments of principal and interest and has to date failed to cure such default.

11. As per the terms of the Mortgage, upon default and failure to cure such default after notice, the whole of the principal, interest and late charges due thereunder are collectable forthwith.

12. The following amounts are due on said Mortgage:

| | |
|---|---|
| Principal balance | $98,311.96 |
| Interest as of 01/09/01 with a continuing interest per diem rate of $23.54 as per the terms of the Mortgage | 8,455.15 |
| Late Charges | 23.54 |
| Attorney Fees of 15% (only actual attorney fees not exceeding 15% will be collected at the time of reinstatement/payoff) | 16,018.60 |
| **TOTAL** | **$122,809.25** |

13. Plaintiff demands judgment for the amount due and for foreclosure and sale of the mortgaged property.

**WHEREFORE**, Plaintiff, First Union National Bank, demands judgment against the Defendant for foreclosure and sale of the mortgaged property and in the amount of One Hundred Twenty-Two Thousand Eight Hundred Nine Dollars and Twenty-Five Cents ($122,809.25) with interest continuing

from January 9, 2001 at the Contract per diem rate of $23.54, costs of suit and for any and all other relief as the Court deems appropriate.

LINTON, DISTASIO, ADAMS & KAUFFMAN, P.C.

By: Anthony R. Distasio, Esquire
Attorney for Plaintiff

Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (1977), Defendant(s) may dispute the validity of the debt or any portion thereof. If Defendant(s) do so in writing within thirty (30) days of receipt of this pleading, Counsel for Plaintiff will obtain and provide Defendant(s) with written verification thereof; otherwise, the debt will be assumed to be valid by us. Likewise, if requested within thirty (30) days of receipt of this pleading, Counsel for Plaintiff will send Defendant(s) name and address of the original creditor if different from above.

982440394S

08100369423

# MORTGAGE

IN THIS MORTGAGE, dated 9/25, 19 98, Thelma L. Gray, the person(s) residing at 141 7th Ave. Folsom, Pa. 19033 signed below as "Owner" and is referred to in this mortgage as "I", "me" or "my", whether one or more persons. "You", "your" or "First Union" in this mortgage means FIRST UNION NATIONAL BANK with an office located at 1302 Macdade Blvd. Woodlyn, Pa. 19094. If I am not indebted to First Union under the Note described below, the person(s), Thelma L. Gray, residing at 141 7th Ave. Folsom Pa. 19033 is signing below as and is referred to in this mortgage as Borrower, whether one or more persons.

**THE PROPERTY.** This mortgage is on real property located at the street address of 141 7th Ave, in the City of Folsom, County of Delaware, Pennsylvania, Zip Code 19094 (referred to in this Mortgage as "Property"). A further description of the Property is contained in the deed by which I acquired the Property. My deed is recorded at the Delaware County Clerk's, Register's or Recorder's Office, in book, page, liber, or registry as parcel, pin, plat, lot, block, etc. as follows:

Book # 2054,
Page #347
Parcel # 38-03-02196-00

RIDLEY TWP

The Property includes all existing and future buildings and improvements on the Property and any rights interests resulting from my ownership or possession of the Property.

**WHAT THE MORTGAGE SECURES.** Under the terms of a Promissory Note dated 9/25, 19 98, including all extensions, modifications and renewals of the Promissory Note (referred to in the mortgage as the "Note"), Borrower is indebted to you in the principal sum of U.S. $ 15,000.00 which is the maximum aggregate amount of principal to be secured by this mortgage at any one time. The Note provides that Borrower shall pay you monthly installments of principal and interest, with the balance of indebtedness on the Note, including all principal, interest, and other charges (including interest), if not paid in full earlier, becoming due and payable in full on 11/13, 2018.

Intending to be legally bound and to induce you to enter into or maintain in effect the Note with Borrower, I hereby mortgage, grant and convey the Property to you. This mortgage will secure: (i) all loans which you have already made or are later required to make to Borrower under the Note and this mortgage, (ii) any amounts which you may advance to insure, pay taxes on, or repair the Property if I or the Borrower fail to do so, (iii) your cost of collection in the event of default as provided in the Note, (iv) all finance charges and other charges you impose on all such loans, advances and expenses as provided in the Note and this mortgage, (v) the performance of all of Borrower's promises in the Note and all of my promises in this mortgage, and (vi) any extensions, renewals, modifications or amendments of the Note.

**OWNERSHIP:** By signing below, I warrant that I am the only owner of the Property, and that I have the right to mortgage it to you. I agree to defend for you and any successors and assigns, any lien claims, valid or invalid, asserted against the Property, and to reimburse you for any loss or damage you may suffer as a result of any and all lien claims against the Property. If the Property is a condominium or part of a planned unit development, I have verified that this mortgage is permitted under any condominium or relative documents, and if any approval(s) is required, I have obtained all approvals.

**PAYMENTS OF PRINCIPAL AND INTEREST:** Borrower will pay when due, the principal and interest on the Note. Unless the law says otherwise, you will apply all payments that you receive on account of the Note first to interest due on the Note, then to any other charges owing under the Note, and then to the principal balance remaining on the Note.

**OTHER MORTGAGE(S):** I hereby warrant that the Property is free of claims and demands of any other person(s) except for other mortgage(s) I already told you about. I will perform all of my obligations, including making all payments when due, under any and all existing (or any later) mortgage(s) on the Property.

**TAXES:** I will pay all real estate taxes, assessments, water and sewer rents and other charges on the Property when they come due. I will provide you with proof of payment upon request.

**PROTECTION OF YOUR INTEREST IN THE PROPERTY:** If I do not perform any of my duties stated in this mortgage, or if a legal action is brought concerning the Property that adversely affects your interest in the Property, then you, at your option, and with notice to me and/or Borrower, may make any court appearances, pay sums, including reasonable attorney's fees, and take necessary action to protect your interest in the Property. Any amount of money that you pay, that is authorized by this paragraph, will be added to the principal amount of the Note, earn interest at the rate of the Note, and be secured by this mortgage, including the interest.

You, or someone authorized by you, may enter upon and inspect the Property at reasonable times if you give me prior notice.

**MAINTENANCE:** I will keep the building(s) on the Property in good condition and repair. I will not make any major changes (except for repair work) or tear down any building(s) without your prior written consent. I have no knowledge of any environmental condition or hazard which adversely affects the Property. I have no knowledge of any work that has been done on, or materials furnished to, or improvements made to the Property within the ... materials for which the provider(s) has been paid in full.

RECORDER OF DEEDS DELAWARE CO. PA.

08100369423

VOL 1781 PG 1694



**INSURANCE:** I will keep the building(s) and improvements on the Property insured at all times against loss by fire, flooding and any other "extended coverage" hazard you may specify. I may choose the insurance company, but that company must be acceptable to you. I will deliver the policy or the other proof of insurance to you at your request. The policy must be for at least the amount and time period you specify and must name you as mortgagee. This means you have the right to receive payment on all insurance claims, up to the amount of your interest in the Property, before me. You may permit me to use any insurance proceeds you receive to repair any damage to the Property, if you reasonably believe the proceeds are adequate for this purpose. Otherwise, you will apply the proceeds to reduce the balance Borrower owes under the Note.

If I abandon the Property, or if I fail to respond to you within 30 days from the date you mail notice to me that the insurance carrier offers to settle a claim for insurance benefits, you are authorized to collect and pay the insurance proceeds, at your option, either to repair the Property or reduce what Borrower owes under the Note.

**CONDEMNATION:** If the Property is taken or condemned by authorities, I hereby assign all proceeds of any and all claims for damages, direct or indirect, in connection with the taking or condemnation, to you and all of said proceeds shall be paid to you, subject to the rights of any prior and superior lien on the Property. Subject to the rights of any prior and superior lien on the Property, you will use the proceeds to pay Borrower's indebtedness under the Note, and any amounts remaining after the Note has been paid in full will be delivered to me or Borrower.

**SALE OF PROPERTY:** I will not sell, transfer ownership or mortgage the Property, in whole or in part, to any other person without your prior written consent.

**DEFAULT:** The Note states when, why and how you may declare a default. When you declare a default under the Note, this mortgage will also be in default. If I do not perform my duties under this mortgage, you may, at your option, declare the Note and this mortgage to be in default. When you declare a default, you may also give me and Borrower notice of your intention to take action, and of my or Borrower's right to cure the default within any time period as may then be provided by law. If cure is not effected by me or the Borrower within that time period, you can require the Borrower to immediately pay us the entire balance owing under the Note. You may also foreclose on this mortgage. This means you can arrange for the Property to be sold, as provided by law, in order to pay the entire amount Borrower owes you under the Note.

If the money you receive from the sale is not enough to pay the entire amount the Borrower owes you, Borrower will owe you the difference. If you receive more than the Borrower owes, you will pay the surplus to me or the Borrower, as you alone choose. If you foreclose on the Property, you shall have the right to collect in that proceeding, all expenses of foreclosure, including but not limited to, reasonable attorney's fees and costs of documents, abstracts, and title reports.

**ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER:** As additional collateral to secure the Note, I hereby grant to you any and all rents of the Property. But unless and until you make all amounts owing under the Note become immediately due and payable, or I abandon the Property, I have the right to collect and retain the rents as they become due and payable.

If you make all amounts owing under the Note become immediately due and payable, or if I abandon the Property, you shall have the right to have a court appoint a person called a receiver to enter upon, take possession of, and manage the Property, and collect all rents of the Property, including those past due. All rents that the receiver collects shall be used to pay all costs of managing the Property and collecting the rents, including but not limited to the receiver's fees, premiums on the receiver's bonds and reasonable attorney's fees; and second to all amounts secured by this mortgage. The receiver shall account only for the rents he actually received.

**BINDING AND CONTINUED EFFECT:** Until the Borrower pays the Note in full, and this mortgage is fully satisfied, the provisions of this mortgage will be binding on me and all future owners and tenants of the Property. This mortgage is for your benefit and that of anyone to whom you may transfer and assign it.

**HAZARDOUS SUBSTANCES:** I shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. I shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and maintenance of the Property.

I shall promptly give you written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which I have actual knowledge. If I learn or am notified by any governmental or regulatory authority that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, I shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law, including the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety, or environmental protection.

**LOAN CHARGES:** If the Note secured by this mortgage is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Note, exceed permitted limits, then: (1) any such loan charges shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (2) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. You may choose to make this refund by reducing the principal owed under the Note or by mailing a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment under the Note.

**WAIVER OF HOMESTEAD:** I waive all rights under any law, to prevent you from applying all proceeds from the Property to fully satisfy the amounts due and owing under the Note.

**RELEASE OF THIS MORTGAGE:** I or Borrower may advise you in writing that either or both of us do not wish this mortgage to secure any later loans to Borrower. My and/or Borrower's notice shall not become effective until the fifth business day after you receive it at your address stated above. After all amounts outstanding on the effective date of my or Borrower's notice, and your finance charges and other charges have been paid in full, you will promptly declare this mortgage satisfied.

**GOVERNING LAW:** The law of the state in which the Property is located, and any applicable federal law, will govern the terms of this mortgage.

**NOTICES:** Any notice required to be given to you by me or Borrower, or any third party, either under this mortgage or as otherwise required by law or the Note, shall be given to you by certified mail, return receipt requested at your address stated above. Any notice required to be given by you to me, shall be given by delivering it or by mailing such notice by first class mail, addressed to me or the current owner residing at the Property, or at such other address as I may designate by notice to you. Notice to Borrower and any other person(s) obligated on the Note shall be given by first class mail to the names and addresses as they appear in your records.

**COPIES.** I and Borrower will receive copies of the Note, this mortgage and any supplementing agreements, after we execute those documents or after those documents are recorded with the appropriate office.

**WAIVER OF YOUR RIGHTS:** Without notice to me and/or Borrower, you may (i) delay enforcing any of your rights under the Note or this mortgage without losing them, (ii) extend the time for payment or modify or amend the Note or (iii) add, release or permit the substitution of parties to the Note or collateral securing the Note. You can take any or all of these actions without in any way affecting your rights under this mortgage. Any waiver by you of any provision of the Note or this mortgage will not be a waiver of the same of any other provision on any other occasion.

**INTEREST RATE AFTER JUDGMENT:** Borrower agrees that the interest rate payable after a judgment is entered on the Note or in an action on this mortgage, shall be the rate stated in the Note.

**REQUEST FOR NOTICE OF DEFAULT AND FORECLOSURE UNDER SUPERIOR MORTGAGES OR DEEDS OF TRUST**

I, Borrower, and First Union request the holder of any mortgage, deed of trust or other encumbrance with a lien having priority over this mortgage to give notice to First Union at its address stated on page one of this mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

**SIGNATURES.** I and Borrower have signed and sealed this mortgage the day and year first above written.

| | |
|---|---|
| Dawn M Walker | Thelma L Gray (SEAL) |
| Witness Dawn M. Walker | Owner Thelma L. Gray |
| _______________ | _______________ (SEAL) |
| Witness | Owner |
| | Thelma L Gray (SEAL) |
| | Borrower Thelma L. Gray |
| | _______________ (SEAL) |
| | Borrower |

STATE OF PENNSYLVANIA )
) SS Thelma L. Gray
COUNTY OF: Delaware )

BE IT REMEMBERED, that on this 25th day of Sept. 19 98 before me, a Notary Public of Ridley Township personally appeared Thelma L. Gray who is/are known (or were proven) to me to be the person(s) named in and who executed the above mortgage, and thereupon he/she/they acknowledged before me that he/she/they signed, sealed and delivered the same as a voluntary act and deed, for the uses and purposes expressed in the mortgage, and desired that it be recorded as such.

(SEAL)

Jacquelyn A. Currier
Notary Public

My commission expires:

NOTARIAL SEAL
JACQUELYN A. CURRIER, Notary Public
Ridley Township, Delaware County
My Commission Expires Jan. 10, 2000

VOL 1781 PG 1696

I certify that the precise address of the within named Mortgagee, First Union National Bank is ________

FIRST UNION NATIONAL BANK
PO BOX 50010
ROANOKE, VA 24042

Melinda Haas — Loan Review Specialist

Signature — Title

**(COMPLETE WHEN MORTGAGE IS FULLY PAID)**

To the County Recording Officer of________________________ County:
This mortgage is fully paid. I authorize you to cancel it of record.

Dated:______________________,19________

ATTEST:

FIRST UNION NATIONAL BANK

______________________________
Name:
Title:

By: ______________________________
Name:
Title:

RETURN TO
RAPIDATA
BOX 146



First Union National Bank
PA1327
Consumer Credit Department
PO Box 7558
Philadelphia, PA 19101-7558
Tel 800 444-4212

THELMA L. GRAY
141 7TH AVE
FOLSOM PA 19033
MCATEER 08100369423
7099 3220 0003 6394 2005

CERTIFIED MAIL RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

7099 3220 0003 6394 2005

Article Sent To: Gray

| | |
|---|---|
| Postage | $ 0 |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

Name (Please Print Clearly) (To be completed by mailer)

Street, Apt. No.; or PO Box No.

City, State, ZIP+ 4

PS Form 3800, July 1999 See Reverse for Instructions

# ACT 91 NO

# TAKE ACTION TO SAVE YOUR HOME FROM FORECLOSURE

*This is an official notice that the mortgage on your home is in default, and the lender intends to foreclose. Specific information about the nature of the default is provided in the attached pages.*

*The HOMEOWNER'S MORTGAGE ASSISTANCE PROGRAM (HEMAP) may be able to help to save your home. This Notice explains how the program works.*

*To see if HEMAP can help, you must MEET WITH A CONSUMER CREDIT COUNSELING AGENCY WITHIN 30 DAYS OF THE DATE OF THIS NOTICE. Take this Notice with you when you meet with the Counseling Agency.*

*The name, address and phone number of Consumer Credit Counseling Agencies serving your County are listed at the end of this Notice. If you have any questions, you may call the Pennsylvania Housing Finance Agency toll free at 1-800 342-2397. (Persons with impaired hearing can call (717) 780-1869.*

*This Notice contains important legal information. If you have any questions, representatives at the Consumer Credit Counseling Agency may be able to help explain it. You may also want to contact an attorney in your area. The local bar association may be able to help you find a lawyer.*

*LA NOTIFICACION EN ADJUNTO ES DE SUMA IMPORTANCIA, PUES AFECTA SU DERECHO A CONTINUAR VIVIENDO EN SU CASA. SI NO COMPRENDE EL CONTENIDO DE ESTA NOTIFICACION OBTENGA UNA TRADUCCION INMEDITAMENTE LLAMANDO ESTA AGENCIA (PENNSYLVANIA HOUSING FIANANCE AGENCY) SIN CARGOS AL NUMERO MENCIONADO ARRIBA. PUEDES SER ELEGIBLE PARA UN PRESTAMO POR EL PROGRAMA LLAMADO "HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE PROGRAM" EL CUAL PUEDE SALVA SU CASA DE LA PERDIDA DE DERECHO A REDIMIR SU HIPOTECA.*

EXHIBIT

Thelma L. Gray May 16, 2000

HOMEOWNER'S NAME (S): Thelma L. Gray

PROPERTY ADDRESS: 141 7th Ave
Folsom, PA 19033

LOAN ACCT. NO.#: 08 100369423

ORIGINAL LENDER: FIRST UNION BANK

CURRENT LENDER/SERVICER: FIRST UNION BANK

**EMERGENCY MORTGAGE ASSISTANCE HOMEOWNER'S PROMGRAM**

YOU MAY BE ELIGIBLE FOR FINANCIAL ASSISTANCE WHICH CAN SAVE YOUR HOME FROM FORECLOSURE AND HELP YOU MAKE FUTURE MORTGAGE PAYMENTS.

IF YOU COMPLY WITH THE PROVISIONS OF THE HOMEOWNER'S EMERGENCY MORTGAGE ASSISTANCE ACT OF 1983 (THE "ACT"), YOU MAY BE ELIGIBLE FOR EMERENCY MORTGAGE ASSISTANCE:

- IF YOUR DEFAULT HAS BEEN CAUSED BY CIRCUMSTANCES BEYOND YOUR CONTROL,
- IF YOU HAVE A REASONABLE PROSPECT OF BEING ABLE TO PAY YOUR MORTGAGE PAYMENTS AND
- IF YOU MEET OTHER ELIGIBILITY REQUIREMENTS ESTABLISHED BY THE PENNSYLVANIA HOUSING FINANCE AGENCY.

**TEMPORARY STAY OF FORECLOSURE** – Under the Act, you are entitled to a temporary stay of foreclosure on your mortgage for thirty (30) days from the date of this Notice. During that time you must arrange and attend a "face –to- face" meeting with one of the customer credit counseling agencies listed at the end of this Notice. THIS MEETING MUST OCCUR WITHIN THE NEXT (30) DAYS. IF YOU DO NOT APPLY FOR EMERGENCY MORTGAGE ASSISTANCE, YOU MUST BRING YOUR MORTHAGE UP TO DATE THE PART OF THIS NOTICE CALLED "HOW TO CURE YOUR MORTGAGE DEFAULT", EXPLAINS HOW TO BRING YOUR MORTGAGE UP TO DATE.

**CONSUMER CREDIT COUNSELING AGENCIES** – If you meet with one of the consumer credit counseling agencies listed at the end of this notice, the lender may NOT take action against you for thirty (30) days after the date of this meeting. The names, addresses and telephone numbers of designated consumer credit counseling agencies for the county in which the property is located are set forth at the end of this Notice. It is only necessary to schedule one face-to-face meeting. Advise your lender immediately of your intentions.

*Thelma L. Gray* *May 16,2000*

***APPLICATION FOR MORTGAGE ASSISTANCE***—*Your mortgage is in default for the reasons set forth later in this Notice (see following pages for specific information about the nature of your default.) If you have tried and are unable to resolve this problem with the lender, you have the right to apply for financial assistance from the Homeowner's Emergency Mortgage Assistance Program to do so, you must fill out, sign and file a completed Homeowner's Emergency Assistance Program Application with one of the designated consumer credit counseling agencies listed at end of this Notice. Only consumer credit counseling agencies have applications for the program and they will assist you in submitting a complete application to the Pennsylvania Housing Finance Agency. Your application MUST be filed or postmarked within thirty (30) days of your fact-to-face meeting.*

*YOU MUST FILE YOUR APPLICATION PROMPTLY. IF YOU FAIL TO DO SO OR IF YOU DO NOT FOLLOW THE OTHER TIME PERIODS SET FORTH IN THIS LETTER, FORECLOSURE MAY PROCEED AGAINST YOUR HOME IMMEDIATELY AND YOUR APPLICATION FOR MORTGAGE ASSISTANCE WILL BE DENIED.*

***AGENCY ACTION*** *– Available funds for emergency mortgage assistance are very limited. They will be disbursed by the Agency under the eligibility criteria established by the Act. The Pennsylvania Housing Finance Agency has six (60) days to make a decision after it receives your application. During that time, no foreclosure proceeding will be pursued against you if you have met the time requirements set forth above. You will be notified directly by the Pennsylvania Housing Finance Agency of its decision on your application.*

***NOTE: IF YOU ARE CURRENTLY PROTECTED BY THE FILING OF A PETITION IN BLANKRUPTCY, THE FOLLOWING PART OF THIS NOTICE IS FOR INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED AS AN ATTEMPT TO COLLECT THE DEBT.***

*(If you have filed bankruptcy you can still apply for Emergency Mortgage Assistance.)*

***HOW TO CURE YOUR MORTGAGE DEFAULT (Bring it up to date.)***

***NATURE OF THE DEFAULT:*** *– The MORTGAGE debt held by the above lender on your property located at: 141 7th Ave Folsom, PA 19033*

*IS SERIOUSLY IN DEFAULT because:*

Act 91 2000 mour doc

Thelma L. Gray May 16, 2000

A. YOU HAVE NOT MADE MONTHLY MORTGAGE PAYMENTS for the following months and the following amounts are now past due:

| Other | | | Charges |
|---|---|---|---|
| | | | $166.00 |

| TOTAL | AMOUNT | PAST |
|---|---|---|
| $2,615.01 | $830.17 | March, 2000 Through May, 2000 |

YOU HAVE FAILED TO TAKE THE FOLLOWING ACTION (Do not use if not applicable):

HOW TO CURE THE DEFAULT – You may cure the default within THIRTY (30) DAYS of the date of this notice **BY PAYING THE TOTAL AMOUNT PAST DUE TO THE LENDER,** WHICH IS **$2,615.01**. PLUS ANY MORTGAGE PAYMENT AND LATE CHARGERS WHICH BECOME DUE DURING THE THIRTY (30) DAY PERIOD. Payments must be made either by cash, cashier's check, certified check or money order made payable and sent to:

B. You can cure any other default by taken the following action within THIRTY (30) DAYS of the date of this letter. (Do not use if not applicable.) N/A

IF YOU DO NOT CURE THE DEFAULT—If you do not cure the default within THIRTY (30) DAYS of the date of this Notice, the lender intends to exercise its rights to accelerate the mortgage debt. This means that the entire outstanding balance of this debt will be considered due immediately and you may lose the chance to pay the mortgage in monthly installments. If full payment of the total amount past due is not made within THIRTY (30) DAYS, the lender also intends to instruct its attorneys to start legal action to foreclose upon your mortgaged property.

IF THE MORTGAGE IS FORECLOSED UPON—The mortgaged property will be sold by the Sheriff to pay off the mortgage debt. If the lender refers your case to its attorneys, but you cure the delinquency before the lender begins legal proceedings against you, you will still be required to pay the reasonable attorney's fee that were actually incurred, up to $50.00. However, if legal proceedings are started against you, you will have to pay all reasonable attorney's fees actually incurred by the lender even if they exceed $50.00.

*Any attorney's fee will be added to the amount you owe the lender, which may also include other reasonable costs. If you cure the default within the THIRTY (30) DAY period, you will not be required to pay attorney's fees.*

*OTHER LENDER REMEDIES—The lender may also sue you personally for the unpaid principal balance and all other sums due under the mortgage.*

***RIGHT TO CURE THE DEFAULT PRIOR TO SHERIFF'S SALE**—If you have not cured the default within the THIRTY (30) DAY period and foreclosure proceedings have begun, you still have the right to cure the default and prevent the sale at any time up to one hour before Sheriff's Sale. You may do so by paying the total amount then past due, plus any late or other charges then due, reasonable attorney's fees and cost connected with the foreclosure sale and any other costs connected with the Sheriff's Sale as specified in writing by the lender and by performing any other requirements under the mortgage.* ***Curing your default in the manner set forth in this notice will restore your mortgage to the same position as if you had never defaulted.***

*EARLIEST POSSIBLE SHERIFF'S SALE DATE—It is estimated that the earliest date that such a Sheriff's Sale of the mortgaged property could be held would be* ***approximately SIX (6) months from the date of this Notice.*** *A notice of the actual date of the Sheriff's Sale will be sent to you before the sale. Of course, the amount needed to cure the default will increase the longer you wait. You may find out at any time exactly what the required payment or action will be by contacting the lender.*

*HOW TO CONTACT THE LENDER:*

| | |
|---|---|
| ***Name of Lender:*** | *First Union National Bank*<br>*PA1327*<br>*Consumer Credit Department* |
| ***Address:*** | *123 South Broad Street*<br>*Philadelphia, PA 19109* |
| ***Phone Number:*** | *1-800-444-4212 Ext. 444-1323* |
| ***Fax Number:*** | *1-215-985-8291* |
| ***Contact Person:*** | *John C. McAteer* |

*EFFECT OF SHERIFF'S SALE—You should realize that a Sheriff's Sale will end your ownership of the mortgaged property and your right to occupy it. If you continue to live in the property after the Sheriff's Sale, a lawsuit to remove you and your furnishings and other belongings could be started by the lender at any time.*

*ASSUMPTION OF MORTGAGE - You _____ may or _X__ may not (CHECK ONE) sell or transfer your home to a buyer or transferee who will assume the mortgage debt, provided that all the outstanding payments, charges and attorney's fees and costs are paid prior to or at the sale and that the other requirements of the mortgage are satisfied.*

*Thelma L. Gray* *May 16,2000*

***YOU MAY ALSO HAVE THE RIGHT:***

- *TO SELL THE PROPERTY TO OBTAIN MONEY TO PAY OFF THE MORTGAGE DEBIT OR TO BORROW MONEY FROM ANOTHER LENDING INSTITUTION TO PAY OFF THIS DEBT.*
- *TO HAVE THIS DEFAULT CURED BY ANY THIRD PARTY ACTING ON YOUR BEHALF.*
- *TO HAVE THE MORTGAGE RESTORED TO THE SME POSITION AS IF NO DEFAULT HAD OCCURRED, IF YOU CURE THE DEFAULT. (HOWEVER, YOU DO NOT HAVE THIS RIGTH TO CURE YOUR DEFAULT MORE THAN THREE TIMES IN ANY CALENDAR YEAR.)*
- *TO ASSERT THE NONEXISTENCE OF A DEFAULT IN ANY FORECLOSURE PROCEEDING OR ANY OTHER LAWSUIT INSTITUTED UNDER THE MORTGAGE DOCUMENTS.*
- *TO ASSERT ANY OTHER DEFENSE YOU BELIEVE YOU MAY HAVE TO SUCH ACTION BY THE LENDER.*
- *TO SEEK PROTECTION UNDER THE FEDERAL BANKRUPTCY LAW.*

***CONSUMER CREDIT COUNSELING AGENCIES SERVING YOUR COUNTY***

*John C. McAteer*
*CONSUMER CREDIT DEPARTMENT*
*1-800-444-4212 EXT. 444-1323*

*jcm/mm*
Act 91 2000 input doc

*Consumer Credit Counseling Agency*

*Notification To:*

*Date:* ______________________________________________

***Name of Mortgagee:***

______________________________________________

***Address:*** ______________________________________________

______________________________________________

______________________________________________

***In accordance with the Pennsylvania Homeowner's Emergency Mortgage Assistance Program (Act 91 of 1983), we have been approached for mortgage counseling assistance by:***

______________________________________________

*Name of Applicant:*

______________________________________________

*Address*

______________________________________________

*Telephone*

______________________________________________

*Mortgage Loan Number*

______________________________________________

*Address of property on which mortgage is in default*
*If different from above.*

***The counseling agency met with the above name applicant on*** ____________,
***Date***

*Who have indicated that they are more than sixty (60 days delinquent on their mortgage payments and have received notification to foreclose from*

*FIRST UNION NATIONAL BANK*
*CONSUMER CREDIT DEPARTMENT*
*PA 1327*
*123 SOUTH BROAD STREET*
*PHILADELPHIA, PA 19109*

*In accordance with the Homeowner's Emergency Mortgage Assistance Program, this is to inform you that:*

1. *If the delinquency cannot be resolved within 30 days forbearance period as provided by law, the applicant listed above may apply to the Pennsylvania Housing Finance Agency for Homeowner's Emergency Mortgage Assistance.*
2. *By a copy of this Notice, we are notifying all other mortgagees, if any, which the applicant has indicated as also having a mortgage on the property identified above.*
3. *It is our understanding that the 30 days forbearance period in which we are now in ends on* ____________.
4. *No legal action to enforce the mortgage may occur during this forbearance period, unless procedural time limits were not met by the homeowner*

*PENNSYLVANIA BULLETIN VOL. 29. NO.23 JUNE 5, 1999*

STATEMENTS OF POLICY

Name of Counseling
Agency________________________________________

Signer and
Title________________________________________

Telephone
Number________________________________________

Address________________________________________

Act 91 2000 appendix.doc

***VERIFICATION***

I, Patricia Kerrane, hereby verify that I am an Assistant Vice President of First Union National Bank, that I am authorized to make this verification on its behalf and that the facts set forth in the within Instrument are true and correct to the best of my knowledge, information and belief and that the same are made subject to the penalties of 18 Pa.C.S.A. §4904 relating to unsworn falsification to authorities.

Date:

PATRICIA KERRANE, Assistant Vice President

**RE: Thelma L. Gray**
**Loan No. 08100369423**

# EXHIBIT "E"

OFFICE OF JUDICIAL SUPPORT

RUN DATE 12/31/2007 COUNTY OF DELAWARE PAGE 1

01-002757

FIRST UNION NATIONAL BANK

VS

GRAY, THELMA L
AND
GRAY T BARRY
AND
GRAY, PATRICIA R

* * * * * * * * * * * * * * * * * * * * * * * * * *

PLAINTIFFS

FIRST UNION NATIONAL BANK
ATTY-053002 FEIN, BARBARA A

FAIRBANKS CAPITAL CORPORATION
ATTY-053002 FEIN, BARBARA A

DEFENDANTS

GRAY, THELMA L
ATTY - PRO SE
141 7TH AVE
FOLSOM, PA 19033

GRAY, T BARRY
ATTY - PRO SE
141 7TH AVE
FOLSOM, PA 19033

GRAY, PATRICIA R
ATTY - PRO SE
141 7TH AVE
FOLSOM, PA 19033

* * * * * * * * * * * * * * * * * * * * * * * * * *

MORTGAGE FORECLOSURE

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | | | |
|---|---|---|---|
| 02/26/2001 | 10:57 A | $198.00 | COMPLAINT FILED |
| 02/26/2001 | 10:57 A | | NOTICE TO DEFEND |
| 02/26/2001 | 10:57 A | | SITUATE 141 7TH AVE FOLSOM PA |
| 02/26/2001 | 10:57 A | | BOOK NO 1781 PAGE NO 1694 |
| 02/26/2001 | 10:57 A | | VERIFICATION FILED |
| 02/26/2001 | 10:57 A | | CIVIL COVER SHEET AND ENTRY OF APPEARANCE |
| 02/26/2001 | 10:57 A | | ENTRY OF APPEARANCE OF ANTHONY R DISTASIO ESQ FOR PLAINTIFF FIRST UNION NATIONAL BANK |
| 04/05/2001 | 5:26 P | $82.90 | NOT FOUND T.BARRY GRAY & THELMA L. GRAY & PATRICIA R. GRAY 3-14-01 UNKNOWN NO SUCH ADDRESS OD 131 SEVENTH AVE FOLSOM |

- CONTINUE

OFFICE OF JUDICIAL SUPPORT

RUN DATE 12/31/2007 COUNTY OF DELAWARE PAGE 2

01-002757

| | | | |
|---|---|---|---|
| 05/21/2001 | 10:53 A | | PRAECIPE TO REINSTATE COMPLAINT FILED |
| 06/07/2001 | 9:34 A | $82.90 | NOT FOUND PATRICIA R. GRAY 6-5-01 DEFT DOES NOT LIVE AT THIS ADDRESS SERVED THELMA L. GRAY 6-5-01 W/3C/C (TO DEFT ) NOT FOUND T. BARRY GRAY 6-5-01 DEFT DOES NOT LIVE AT THIS ADDRESS (141 SEVENTH AVE., FOLSOM ) |
| 07/09/2001 | 3:17 P | | NOTICE UNDER RULE 1028.1 |
| 07/09/2001 | 3:17 P | | PRELIMINARY OBJECTIONS OF DEFENDANT |
| 07/09/2001 | 3:17 P | | MEMORANDUM OF LAW |
| 07/09/2001 | 3:17 P | | CERTIFICATE OF SERVICE |
| 07/10/2001 | 10:43 A | | PLAINTIFF'S MOTION FOR SERVICE PURSUANT TO PENNSYLVANIA RULE OF CIVIL PROCEDURE 430 AND 410 (C)(1)(2)(3) FILED. |
| 07/19/2001 | 4:24 P | | ORDER FILED (ZETUSKY, J. 7-18-01) 236 N/S 7-24-01 |
| 08/02/2001 | 10:36 A | | PLAINTIFF'S ANSWER TO DEFENDANT, THELMA L. GRAY PRELIMINARY OBJECTIONS TO COMPLAINT |
| 08/07/2001 | 10:42 A | | PRAECIPE TO REINSTATE COMPLAINT FILED |
| 09/05/2001 | 9:30 A | | ORDER FILED. (BRADLEY,J. 8-31-01) 236 N/S 9-7-01 |
| 09/10/2001 | 11:37 A | | COMPLAINT REINSTATED |
| 09/20/2001 | 10:35 A | | PROOF OF SERVICE FILED. |
| 09/27/2001 | 10:21 A | | PROOF OF SERVICE VIA PUBLICATION FILED. |
| 10/11/2001 | 4:32 P | | COMPLAINT REINSTATED |
| 10/31/2001 | 4:43 P | $60.90 | SERVED POSTED PREMISES 10-22-01 BY POSTING TWO COPIES OF COMPLAINT AT 141 SEVENTH AVE., FOLSOM, PA (TWO DEFTS PATRICIA R. GRAY & T. BARRY GRAY ) |
| 03/04/2002 | 2:54 P | | TRIAL ASSIGNMENT AND CASE MANAGEMENT ORDER FILED. (J. PAGANO 3-1-02) 236N/S 3-12-02 |
| 05/28/2002 | 11:21 A | | PRAECIPE TO ENTER DEFAULT JUDGMENT |
| 05/28/2002 | 11:21 A | $13.50 | JUDGMENT ENTERED IN THE AMOUNT OF $122809.25 IN FAVOR OF THE PLAINTIFF AND AGAINST THE DEFS FOR FAILURE TO FILE AN ANSWER FILED CERT UNDER RULE 237.1 COPY OF THE 10 DAY NOTICE AFFIDAVIT OF NON-MILITARY 236 N/S 05/28/2002 |
| 06/06/2002 | 3:41 P | | PETITION TO OPEN OR STRIKE DEFAULT JUDGMENT FILED. |
| 06/10/2002 | 3:23 P | | APPLICATION FOR INFORMA PAUPERIS FILED. |
| 06/10/2002 | 3:23 P | | PRAECIPE FOR THE APPEARANCE OF T. BARRY GRAY DEFENDANT (PRO SE) FILED |

CONTINUE --

# EXHIBIT "F"

OFFICE OF JUDICIAL SUPPORT
COURT OF COMMON PLEAS OF DELAWARE COUNTY
MEDIA, DELAWARE COUNTY, PENNSYLVANIA 19063

TO: THELMA GRAY
T. BARRY GRAY
PATRICIA R. GRAY
141 SEVENTH AVENUE
FOLSOM PA 19033

DATE:

RE: FIRST UNION NATIONAL BANK
Plaintiff
v.
THELMA GRAY et al
Defendants

NO. 01-2757

You are hereby notified in accordance with the Pennsylvania Supreme Court Rule #236 and #1519(c) that Judgment has been entered on a

( ) Final Order *
( ) Decree Nisi *
( ) Verdict *
( ) Viewers Report
(xxx) Default
( ) Assessment of Damages
( ) Arbitration Award
( ) Confession of Judgment Complaint
( ) Stipulation For Entry of Judgment

and entered to No.**01-2757** against **THELMA GRAY, T. BARRY GRAY and PATRICIA R. GRAY**, Defendants, concerning Civil Suit No.01-2757 on May 28th, 2002 for **foreclosure and sale of the mortgaged property and in the amount of One Hundred Twenty-Two Thousand Eight Hundred Nine Dollars and Twenty-Five Cents ($122,809.25) with interest continuing thereafter from January 9, 2001 at the mortgage per diem rate of $23.54 and costs of suit.**

** And that a Certificate has been filed indicating that each of the parties have been notified of the intention to file said judgment, by the Attorney for the Plaintiff(s) Defendant(s).

Deborah L. Gaston
~~Joseph W. Dorsey~~, Judicial Support Director

By: [signature]
Deputy Judicial Support Director

EXHIBIT
M-3

PTHIS IS NOT AN ARBITRATION CASE. ASSESSMENT OF DAMAGES HEARING IS NOT REQUIRED. JURY TRIAL IS NOT DEMANDED.

LINTON, DISTASIO, ADAMS & PALANGE, P.C.
By: Anthony R. Distasio, Esquire
Attorney I.D. No. 46890
1720 Mineral Spring Road, P.O. Box 461
Reading, PA 19603-0461
(610) 374-7320

ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| FIRST UNION NATIONAL BANK, Plaintiff | : IN THE COURT OF COMMON PLEAS OF : DELAWARE COUNTY PENNSYLVANIA : CIVIL ACTION - LAW |
| v. | : No. 01-2757 |
| THELMA L. GRAY, Mortgagor and Real Owner and T. BARRY GRAY and PATRICIA R. GRAY, Real Owners Defendants | : ACTION OF MORTGAGE FORECLOSURE |

## PRAECIPE TO ENTER DEFAULT JUDGMENT

TO THE PROTHONOTARY:

Please enter judgment in favor of the Plaintiff and against the Defendants for failure to file an Answer or other responsive pleading in the above-captioned action for foreclosure and sale of the mortgaged property and in the amount of One Hundred Twenty-Two Thousand Eight Hundred Nine Dollars and Twenty-Five Cents ($122,809.25) with interest continuing thereafter from January 9, 2001 at the mortgage per diem rate of $23.54 and costs of suit.

I hereby certify that Notice of Intent to Enter Default Judgment was sent to the Defendants on March 13, 2002, a copy of which is attached hereto as Exhibit "A".

LINTON, DISTASIO, ADAMS & PALANGE, P.C.

Dated: 5/22/02

By: ______________________
Anthony R. Distasio, Esquire
Attorneys for Plaintiff