NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| T. BARRY GRAY, Individually and as Executor of Estate of THELMA GRAY | : : : | CIVIL ACTION |
| v. | : : | |
| ANGELA L. MARTINEZ, *et al* | : : | NO.  08-2603 |

## MEMORANDUM OPINION

Savage, J.                                                                                       September 20, 2011

Plaintiff, T. Barry Gray, individually and as executor of the Estate of Thelma L. Gray, brought this action challenging the constitutionality of state court mortgage foreclosure proceedings involving real estate mortgaged by his late mother and later transferred to various family members.  Gray has sued both the current and the former Director of the Delaware County Office of Judicial Support, the Sheriff of Delaware County, the mortgagee's successor, and the purchaser and its successor of the foreclosed property.  He contends that the default judgment was wrongly entered in an amount that was significantly higher than the balance owed on the mortgage.  He claims that the defendants violated his constitutional rights because he was denied notice and an opportunity to contest the entry of judgment in the greater amount than was due on the note.

The litigation history of the foreclosure proceedings is long and confusing.  This is the third attempt to have a federal court adjudicate this mortgage foreclosure dispute previously decided by the state court.  In the first case, *Gray v. Pagano*, No. 07-2810 (E.D.

Pa.), plaintiff's wife and son, Patricia and Patrick Gray, filed a complaint against the judge who presided over the state-court mortgage foreclosure action and against the sheriff who posted the property for sale, alleging that the order evicting them from the property and posting it for sale violated their constitutional rights.  That action was dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine and on grounds of judicial and sovereign immunity.

Two days after the dismissal of the first action, in Civil Action No. 07-2948, plaintiffs Barry Gray, individually and as executor of his mother's estate, and his wife Patricia "removed" to this court a motion to avoid a fraudulent transfer, which had been filed by the creditor/mortgagee bank in the state-court foreclosure action.  Noting that the "action" was the second attempt to litigate the ongoing state court foreclosure matter in federal court, Judge Ludwig of this court remanded the action to state court for lack of subject matter jurisdiction.

Plaintiffs appealed both decisions to the Third Circuit Court of Appeals.  The dismissal of the first action was affirmed on July 23, 2008.  *See Gray v. Pagano*, 287 F. App'x 155, 156 (3d Cir. 2008). The second appeal was dismissed for lack of jurisdiction.

While Gray's first appeal was pending, he filed a motion to proceed *in forma pauperis* in this action.  His motion was denied because the cause of action was frivolous.  Gray appealed.  Without deciding whether Gray's cause of action was frivolous, the Third Circuit vacated the denial of Gray's motion and ordered us to consider Gray's motion to proceed *in forma pauperis* prior to deciding whether his complaint is subject to dismissal. *See Gray v. Martinez*, 352 F. App'x 656, 658 (3d Cir. 2009).  On remand, we granted him *in forma pauperis* status on March 17, 2010.

Defendant Wachovia Bank National Association ("Wachovia") was served on October 4, 2010. After Wachovia failed to respond, a default was entered on January 28, 2011. Wachovia's motion to set aside default was filed on February 18, 2011.

A copy of the complaint was purportedly served on TCIF REO CIT, LLC ("TCIF") on October 6, 2010. At Gray's request, the Clerk entered a default against TCIF on November 24, 2010.

On December 14, 2010, Gray filed a voluntary bankruptcy petition in the Bankruptcy Court for the Eastern District of Pennsylvania. Pursuant to the Bankruptcy Code, Gray's bankruptcy petition resulted in an automatic stay of all proceedings in this action. Thus, Wachovia's motion remained outstanding.

On February 7, 2011, VRF REO LLC ("VRF"), the successor to TCIF, filed a notice that it was unable to move to open the default judgment entered against TCIF in light of the bankruptcy stay. Following the bankruptcy trustee's certification that the bankruptcy estate had been fully administered, the stay was lifted on April 21, 2011. On May 27, 2011, VRF moved to set aside the default entered against TCIF.

We granted the motions to set aside the defaults on July 21, 2011. Gray's motion for reconsideration of the order setting aside the default against TCIF was denied on August 11, 2011.[1]

After the entry of defaults were set aside, defendants Wachovia and TCIF moved to dismiss the complaint, arguing that the federal court lacks jurisdiction to adjudicate Gray's claims under the *Rooker-Feldman* doctrine. Alternatively, they argue that because

---

[1] Gray did not move for reconsideration of the Court's order setting aside the default against Wachovia.

they are not state actors nor acting under color of state law, Gray has failed to state a § 1983 cause of action against them.

Under the *Rooker-Feldman* doctrine, we lack subject matter jurisdiction to hear Gray's claims. Even if we had jurisdiction, Gray has failed to state a § 1983 cause of action because the moving defendants are not state actors and were not acting under color of state law. Accordingly, we shall dismiss this action.

## Discussion

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)." Default judgments are not favored. *Zawadski de Bueno v. Bueno Castro*, 822 F.2d 416, 420 (3d Cir. 1987). Thus, a motion to set aside a default judgment is construed in favor of the movant. *Medunic v. Lederer*, 533 F.2d 891, 893-94 (3d Cir. 1976).

In deciding whether to set aside a default judgment, we must consider whether: (1) the plaintiff will be prejudiced if the default judgment is set aside; (2) the defendant has a meritorious defense; (3) the default resulted from the defendant's culpable conduct; and (4) alternative sanctions would be effective. *Miles v. Aramark Correctional Serv., Inc.*, 321 F. App'x 188, 191 (3d Cir. 2009) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987)).

Gray has not alleged any prejudice that would result if the default is set aside. Instead, he argues that we should "preserve the status quo" pending the resolution of his motion to stay the bankruptcy court's order releasing TCIF from its previous automatic stay. Since Gray responded, the bankruptcy court denied his motion on July 27, 2011.

With respect to the meritorious defense requirement, a movant need not "prove

beyond a shadow of a doubt that [it] will win at trial." *Jackson v. Delaware County,* 211 F.R.D. 282, 284 (E.D. Pa. 2002) *(citing Emasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74). Rather, it need only show that its defense is not "facially unmeritorious." *Id*. (quoting *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 123 (3d Cir. 1983)). As discussed later, the defendants' *Rooker-Feldman* doctrine argument is meritorious. Thus, Wachovia and TCIF satisfied the meritorious defense.

In the context of a Rule 55(c) motion, culpable conduct means actions taken wilfully or in bad faith. *Hill v. Williamsport Police Dept.*, 69 F. App'x 49, 52 (3d Cir. 2003). There are no allegations or evidence that TCIF, VRF or Wachovia acted wilfully or in bad faith in failing to respond to the complaint in a timely manner. On the contrary, VRF claims, and Gray does not dispute, that process intended for TCIF was served at the address of its prior loan servicer, Select Portfolio Servicing, Inc., a party that was dismissed from this action, and not on TCIF's registered agent in Delaware. In short, Gray failed to properly effectuate service on TCIF. Accordingly, default was not the result of TCIF's culpable conduct.

Wachovia's excuse for its failure to respond to Gray's complaint was that the legal department of its successor, Wells Fargo, had no record of receiving it. After the complaint was served at the bank's local branch, it was placed in the interoffice mail system addressed to the legal department in North Carolina. Although Wachovia cannot explain the reason, it was not received there. There is no evidence, direct or indirect, that the failure to answer the complaint was intentional or motivated by bad faith.

Because Wachovia and TCIF satisfied the requirements to set aside the default under Rule 55(c), we granted their motions to set aside the default and vacated the

defaults against them. We now turn to the motions to dismiss.

The *Rooker-Feldman* doctrine bars "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). A federal court lacks subject matter jurisdiction over an action seeking to appeal and reverse a state court decision. *Id*. at 283. Therefore, a federal court may not consider a claim that would require either determining that the state court judgment was erroneously entered or reversing it. *In re Knapper*, 407 F.3d 573, 581 (3d Cir. 2005).

*Rooker-Feldman* deprives a federal court of jurisdiction where either: (1) the federal claim was litigated in state court before the federal action was filed; or (2) the federal claim is so inextricably intertwined with the state court adjudication that granting federal relief can only be predicated upon a determination that the state court was wrong. *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009). A federal claim is inextricably intertwined with a state court adjudication when, to grant relief, the federal court must either determine that the state court judgment was erroneously entered or take action that would negate the state court judgment. *Id.*; *Great Western Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Thus, a federal court may not entertain a claim that would nullify, if relief were granted, a state court's order. *Id.*

Whether the movants had the legal right to foreclose on the mortgage loan has been determined in state court and cannot be reconsidered by a federal court. Having lost in state court, which entered a judgment against him in the foreclosure action, Gray cannot now complain of any injury caused by that state court judgment or ask this court to grant

him relief that would nullify that judgment. *Exxon Mobile Corp.*, 544 U.S. at 284; *Knapper*, 407 F.3d at 580. In other words, Gray may not seek relief that requires a predicate finding that the state court's action resulting in the entry of a judgment was wrongfully entered.

Gray's federal claim is that his Fourteenth Amendment rights were violated when the defendants substituted the amount owed under the note for the amount owed under the mortgage and entered judgment against him in the greater amount without providing him with notice or an opportunity for a hearing. Yet, his motion to open or strike the judgment was denied by the state court. His appeal from that denial was also denied. Although Gray's federal claim was not actually litigated in state court, it is "inextricably intertwined" with the default judgment entered by the state court. The only way he can prevail is if we vacate the state court judgment. We do not have the power to do so. Therefore, this action will be dismissed.

We note that Gray has failed to adequately plead a valid claim under Section 1983 against Wachovia and TCIF. To state a cause of action, the plaintiff must plead three elements: (1) the defendants acted under color of law; (2) they violated the plaintiff's federal constitutional or statutory rights; and (3) that the violation caused injury to him. Gray has not – and we cannot conceive how he could – allege that Wachovia and TCIF acted under color of law. Therefore, if Gray were able to overcome the *Rooker-Feldman* bar, he still could not proceed against Wachovia and TCIF.

## Conclusion

Gray's federal claim is barred by the *Rooker-Feldman* doctrine because it is "inextricably intertwined" with the state court judgment. Therefore, the motions to dismiss will be granted, and this action will be dismissed.